[No. 9920.   Department One.   November 23, 1911.]

THE STATE OF WASHINGTON, *Respondent*, v.
D. A. HATFIELD, *Appellant*.[1]

ESCAPE—ATTEMPT—AUTHORITY FOR CUSTODY—FINAL JUDGMENT—COMMITMENT—NECESSITY. One imprisoned in the county jail after a final judgment of conviction and sentence authorizing his detention, is lawfully in custody and may be guilty of an attempt to escape jail, although the sheriff did not have in his possession any commitment or written evidence of authority to detain him; Rem. & Bal. Code, § 2207, merely providing that such a commitment shall be sufficient authority to the sheriff to execute sentence, not that it is essential.

ESCAPE—EVIDENCE—SUFFICIENCY. Evidence is sufficient to establish an attempt to escape jail by force, where it appears that the defendant was confined in the county jail under conviction and sentence, that he had concealed and in his possession saws suitable for cutting iron or steel, that a short time before he counseled escape with other prisoners, and that he guarded the door of his cell while a bolt was being heated and sawed by another prisoner in his cell.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered July 20, 1911, upon a trial and conviction of attempting to escape jail. Affirmed.

*Sidney J. Williams* and *William R. Bell*, for appellant.

*John F. Murphy, Hugh M. Caldwell*, and *H. B. Butler*, for respondent.

PARKER, J.—Appellant brings this cause here seeking a reversal of his conviction in the superior court for King county, upon an information charging him and George W.

[1]Reported in 118 Pac. 893.

Workman, jointly, with the crime of attempting to escape from prison, as follows:

"He, said D. A. Hatfield, in the county of King, state of Washington, on the 12th day of May, 1911, was confined and held in a prison, to wit, the King county jail, located in the city of Seattle, in said county and state, on a charge, conviction and sentence of felony, to wit, forgery in the first degree theretofore duly made, rendered and imposed against him in cause numbered 5,589 in the superior court of the state of Washington for King county, and was then and there confined and held in said prison on a charge of felony, to wit, forgery in the first degree, theretofore duly made against him in said cause numbered 5,622 in said superior court, and he, said George W. Workman, was then and there confined and held in said prison on a charge, conviction and sentence of felony, to wit, carnal knowledge of a child, duly made, rendered and imposed against him in cause numbered 5,779 in said superior court. And they, said D. A. Hatfield and George W. Workman, and each of them, while then and there being so confined and held in said prison, did then and there wilfully, unlawfully, feloniously and by force, attempt to escape from said prison by obtaining from outside said prison, through means which are to the prosecuting attorney unknown, acid, saws and a blow pipe, and by then using and attempting to use said acid, blow pipe and saws in sawing and cutting the iron bolts and bars of said prison, for the purpose of making an aperture therein, through or by means of which they, or either of them, might escape."

It is first contended by counsel for appellant that this information does not charge a crime, in that it fails to show that, at the time of the alleged attempted escape, there was any written evidence, in the form of a warrant or commitment, for appellant's imprisonment, in the possession of the sheriff of King county. This same contention is made in appellant's behalf upon a challenge to the sufficiency of the evidence to sustain his conviction, the evidence failing to show any warrant or commitment in the hands of the sheriff authorizing the imprisonment. The evidence does show, however, that appellant had been convicted and sentenced, as

stated in the information, a short time prior to his alleged attempted escape, and had not then been taken to the penitentiary, to which he had been sentenced. It was upon this conviction and sentence that appellant was held in custody and imprisoned in the county jail by the sheriff. We will discuss both of these contentions together, since our view of the necessity of the sheriff having in his possession written evidence of his authority to so detain appellant, to constitute such detention and imprisonment lawful, will dispose of both contentions. Our attention is directed to Rem. & Bal. Code, § 2207, providing:

"When any person shall be sentenced to be imprisoned in the penitentiary or county jail, the clerk of the court shall, as soon as may be, make out and deliver to the sheriff of the county, or his deputy, a transcript, from the minutes of the court, of such conviction and sentence, duly certified by such clerk, which shall be sufficient authority for such sheriff to execute the sentence, who shall execute it accordingly."

This section, it is insisted, prescribes the sole evidence of authority by which a defendant can be legally held in custody after his conviction, and that, unless the sheriff actually has in his possession a commitment in this form, his detention of such defendant is unlawful. Upon this theory it is argued that appellant was neither charged nor proven to be lawfully imprisoned at the time he is alleged to have made his attempted escape, and, therefore, could not be guilty of attempting to escape from lawful imprisonment.

Whatever merit there might be in a contention of this nature if we were dealing with the authority by which an officer held a defendant who is merely charged with crime, we think such a contention cannot be successfully maintained in this case, where we have a final judgment of a court of general jurisdiction authorizing the detention and imprisonment. It has been generally held that a defendant imprisoned, in the custody of a proper officer, upon a conviction by a court of general jurisdiction, will not be released upon habeas

corpus merely because of a defective commitment in the hands of such officer, when the judgment of conviction authorizes such imprisonment. This view is rested upon the theory that, when a valid judgment of imprisonment is rendered against a defendant, that judgment becomes the real authority for such imprisonment, and the commitment, which under our law is merely a certified copy of the judgment, is only evidence of such authority. Surely a certified copy of such a judgment is no higher evidence of an officer's authority to act thereunder than the judgment itself. The officer is no doubt entitled to a proper commitment in his possession for his own protection, but if he acts within the authority and duty imposed upon him by the judgment, he will not be held to have acted unlawfully simply because of the failure to have the evidence of his authority in his possession in some particular form; especially when the officer having the custody of the defendant is the executive officer of the court rendering the judgment. Section 2207, Rem. & Bal. Code, above quoted, only says that the conviction, certified as therein provided, "shall be sufficient authority for such sheriff to execute the sentence." There is nothing contained in that section, even inferentially, rendering the sheriff's acts in compliance with the judgment unlawful, should he act thereunder without a commitment in this form.

The situation here is quite unlike a judgment requiring an execution for its enforcement, or a mere charge of crime requiring a warrant authorizing the arrest of the accused before he can be arrested and detained. This judgment, by its very terms, directs what shall be done with the defendant. It is in effect self-executing, so far as the executive officer's authority thereunder is concerned. The very form of the commitment prescribed by § 2207 assumes this self-executing nature of the judgment. It seems to us that the lawfulness of appellant's imprisonment may be determined by the answer to the question, Could he, at the time of his alleged attempted escape, have secured his release by habeas

corpus? If not, of course, his imprisonment by the sheriff was then lawful. We think that the existence of the judgment, evidenced to the court upon such habeas corpus hearing in any proper manner, would have prevented appellant's release, because thereby the imprisonment would be shown to be lawful. This view finds support in the following authorities: 2 Spelling, Injunctions and other Extraordinary Remedies (2d ed.), §§ 1214, 1298; *Howard v. United States*, 75 Fed. 986, 34 L. R. A. 509; *People ex rel. Trainor v. Baker*, 89 N. Y. 460; *In re Thayer*, 69 Vt. 314, 37 Atl. 1042; *Sennott's Case*, 146 Mass. 489, 16 N. E. 448, 4 Am. St. 344.

Counsel for appellant rely upon *State v. Hollon*, 22 Kan. 580, as supporting the opposite view. That case may not be easily distinguishable from the one before us, but we are nevertheless constrained to adopt the view that the lawfulness of appellant's imprisonment does not rest upon the written evidence, or want thereof, in the possession of the sheriff, but upon the final judgment of conviction under which he was held at the time of his alleged escape. We conclude that the record before us shows that appellant was both charged and proven to be lawfully imprisoned at that time.

It is next contended that the evidence does not show any attempt by the defendant to escape by force, which is the substance of the charge against him. We find testimony in the record direct and certain to the fact, that appellant had possession of, and concealed in the jail, several saws suitable for cutting iron or steel; that a short time prior to the attempted escape, he counseled and advised escape with other prisoners; that in his cell, which was also occupied by Workman with whom he was charged, and one other prisoner, there was concealed an alcohol lamp and a blow pipe; that on the day charged, this blow pipe was being used by Workman, apparently in an attempt to heat a bolt in the rear grating of their cell; that at the same time, appellant was standing in the door of the cell leading into the corridor where many other prisoners were free to come and go, in

such position as to be apparently guarding the doorway; that he did then attempt to prevent another prisoner from coming into the cell; that soon thereafter a bolt in the rear grating of the cell, at or very near the place where Workman was seen using the blow pipe, was found with its head sawed nearly one-half off, the groove being such as to fit at least some of the saws which had been concealed in the jail by appellant. The truth of this evidence was for the jury to determine, and, if believed by them, we think it was sufficient to warrant the conclusion that appellant actually participated in the use of force in an attempt to escape with Workman.

Exceptions were taken to the refusal of the court to give certain instructions requested by appellant's counsel which were refused by the court. A reading of those given by the court, we think, covered the same ground, in so far as the facts of the case required.

We find no error in the record. The judgment is affirmed.

DUNBAR, C. J., MOUNT, FULLERTON, and GOSE, JJ., concur.