300 So.2d 276 (1974)
STATE of Florida, Appellant,
v.
James E. FULKERSON, Appellee.
No. 73-111.
District Court of Appeal of Florida, Second District.
March 6, 1974.
*277 Robert L. Shevin, Atty. Gen., Tallahassee, and Richard C. Booth, Asst. Atty. Gen., Tampa, for appellant.
Robert E. Jagger, Public Defender, Clearwater, and J. Marion Moorman, Asst. Public Defender, Dade City, for appellee.
GRIMES, Judge.
On May 23, 1972, James E. Fulkerson was named in a warrant issued by Judge Seaver as being a fugitive charged with committing the crime of grand larceny  auto theft in the State of Virginia. Pursuant to F.S. 941.15, F.S.A., Judge Seaver determined that Fulkerson was the person sought in the warrant and ordered him committed to the Pasco County Jail for a period not exceeding thirty days.
Fulkerson was still in custody on July 27, 1972, when he was arrested on the Governor's warrant of arrest issued in response to the demand of the State of Virginia. Four days later, Fulkerson left the confines of the Pasco County Jail without any release procedure. Fulkerson had been in jail at all times between May 23, 1972, and July 31, 1972.
Fulkerson was charged with felonious escape from confinement under F.S. 944.40, F.S.A. The lower court granted Fulkerson's motion to dismiss the information. The State of Florida appeals this order.
The order of dismissal recites that Fulkerson had been held beyond the statutory maximum of thirty days confinement provided for in F.S. 941.15, F.S.A., and that no extension of confinement had been sought by the State pursuant to F.S. 941.17, F.S.A. The trial judge concluded that Fulkerson was being unlawfully held at the time of his unauthorized departure and, therefore, could not be convicted of escape.
While F.S. 944.40, F.S.A. only refers to escape from confinement, a number of Florida cases have stated that for one to be convicted of the crime of escape, he must be lawfully confined. E.g., Fulford v. State, Fla.App.2nd, 1959, 113 So.2d 572; Maggard v. State, Fla.App.4th, 1969, 226 So.2d 32; and Abigando v. State, Fla. App.1st, 1970, 239 So.2d 646. The Supreme Court in State v. Culver, Fla. 1959, 110 So.2d 674, appears to have amplified this statement when it said:
"The fact that petitioner has never been tried for the felony with which he was charged at the time of his escape or, even, that he is innocent of such charge, as he here contends, is of no legal consequence insofar as his incarceration under the escape conviction is concerned. As noted above, under our statute the crime of escape is a substantive offense, and the punishment therefore is not merely incidental to the punishment for the offense for which the prisoner was confined at the time of his escape. Even though the indictment under which he was confined at the time of his escape is *278 subsequently dismissed, Godwin v. United States, 8 Cir., 1950, 185 F.2d 411, or the conviction under which he was confined at the time of his escape is subsequently reversed or set aside on appeal, Commonwealth v. Nardi, 1958, 185 Pa. Super. 136, 138 A.2d 140; Moore v. Commonwealth, 1946, 301 Ky. 851, 193 S.W.2d 448, 163 A.L.R. 1134, the prisoner must nevertheless bear the penalty for the separate and distinct offense of escape... ."
The subject of justification for escape has been considered in depth in an annotation at 70 A.L.R.2d 1430. The annotator observes that the cases dealing with this question often present a collision of two basic philosophies. On the one hand, it seems unfair that one unlawfully imprisoned should be subjected to further punishment for merely asserting the right to liberty guaranteed him by the Constitution. On the other hand, the problems of prison administration would become intolerable if each prisoner who believed himself to be improperly confined took it upon himself to break out of jail. The annotator continues by saying:
"In the light of these considerations, it is not surprising that conflicting and sometimes contradictory decisions have been reached by the courts in the cases here considered. Many courts, especially in the earlier cases, announced a rule that lawful imprisonment was the gist of the offense of escape, and accordingly held that escape was justified where the proceedings leading to the confinement were tainted to any substantial degree with illegality. Other courts, and this seems to be the trend of the decisions, have adverted to the possibilities of anarchy inherent in the right of self-help and, without necessarily holding that there was no right of escape from imprisonment resulting from totally void proceedings, have tended to characterize the defects complained of as mere irregularities which could be corrected only by legal procedure."
The better reasoned opinions appear to hold that where one is imprisoned under some color of law, he is not entitled to resort to self-help but must apply for his release through regular legal channels. The possibility of violence incident to a prison break dictates strongly against any other rule.
In Mullican v. United States, 5th Cir., 1958, 252 F.2d 398, the defendant had been sentenced to jail for three years but continued to be confined thereafter. Two months after his term expired, he escaped. The court rejected his contention that since his confinement was unlawful, his escape was lawful. The court held that the defendant was required to seek his release through the legal remedies available to those who are unlawfully held in custody. See also Vucci v. State, 1973, 18 Md. App. 157, 305 A.2d 483.
The procedure whereby Fulkerson was confined for thirty days pending the issuance of a Governor's warrant is simply for the purpose of physically holding an alleged fugitive long enough for the extradition procedures to be followed. There is nothing in Chapter 941 which requires a fugitive to be arrested prior to the service upon him of the Governor's warrant. It does not follow that because he had been previously arrested and illegally detained beyond his term that Fulkerson was no longer subject to being rearrested under the Governor's warrant. Once the Governor's warrant of arrest was served upon him, Fulkerson was clearly in "lawful" confinement. Consequently, when he left the jail without permission four days later, he committed the crime of escape.
In view of the facts of this case, it is unnecessary for us to specifically decide whether Fulkerson could have been convicted of escape for having absconded after *279 the expiration of his thirty day term but before he was rearrested under the Governor's warrant.
The order dismissing the information is reversed, and the case is remanded for further proceedings consistent herewith.
MANN, C.J., and HOBSON, J., concur.