[No. 3175-6-III.   Division Three.   March 20, 1980.]

THE STATE OF WASHINGTON, *Respondent*, v. DIXON MIKE YALLUP, ET AL, *Appellants*.

*Kip B. Kendrick* and *Gavin, Robinson, Kendrick, Redman & Mays,* for appellants.

*Jeffrey C. Sullivan, Prosecuting Attorney,* and *John C. Monter, Deputy,* for respondent.

McINTURFF, J.—The defendants, Mr. Dixon, Mr. Yallup, and Mr. Wettenbone, appeal their separate convictions for first–degree escape.

Prior to 1977, each of the defendants was convicted of a felony.[1] Each defendant was given a deferred sentence, with probation. In 1978, the State charged each defendant with violating the conditions of their probation. Each defendant was then ordered to "reside and participate in the Yakima Work/Training Release Program until further order of the court, and follow all rules and guidelines of that facility."

On August 7, 1978, each of the defendants signed out of the work release facility listing their respective destinations and estimated times of return. Instead of reporting to work,

---

[1] On March 3, 1977, Mr. Dixon pleaded guilty to second–degree burglary. RCW 9A.52.030(1). On April 15, 1977, Mr. Wettenbone pleaded guilty to second–degree burglary, RCW 9A.52.030(1), and taking a motor vehicle without permission of the owner, RCW 9A.56.070(1). On June 12, 1977, Mr. Yallup pleaded guilty to forgery. RCW 9A.60.020(1)(a), (b).

however, the defendants elected to go swimming. The time "got away from them" and they found themselves without transportation back to the Yakima facility. Thinking that they were "already in trouble" the defendants made no effort to return to the facility or advise the staff of their whereabouts. The defendants were apprehended in downtown Yakima 2 days later and were subsequently convicted of first–degree escape.[2]

On appeal, the defendants contend the Yakima Work/Training Release Program is not a "detention facility" within the meaning of the first–degree escape statute.

Under RCW 9A.76.110(1), a person is guilty of escape in the first degree if, being detained pursuant to a conviction of a felony, he escapes from custody or a detention facility. RCW 9A.76.010(2) defines "detention facility" in pertinent part, as:

> any place used for the confinement of a person (a) arrested for, charged with or convicted of an offense, . . . or (d) otherwise confined pursuant to an order of a court, . . . or (e) in *any* work release, furlough, or other such facility or program;

(Italics ours.)

■ The defendants argue that the Yakima facility has no statutory basis as a detention facility because the terms "work release" and "furlough" as defined by RCW 9A.76-.010(2)(e) are by statute applicable only to prisoners under RCW 72.65 and 72.66[3] Since the Yakima facility is designed for the detention of probationers, it is argued, the

---

[2]According to testimony at trial, the defendants contacted a fellow resident at the Yakima facility on August 9, requesting assistance in securing a car and some money for them. The defendants were apprehended when the fellow resident, with the help of the police, arranged a meeting in downtown Yakima.

[3]RCW 72.65.020 authorizes the establishment of a work release plan for any prisoner convicted of a felony, sentenced to a term of confinement and treatment by the superior court, and serving such sentence in a state correctional institution. Under RCW 72.66, a person convicted of a felony and serving a sentence for a term of confinement in a state correctional institution or facility, or a state approved work or training release facility, may apply for a furlough, or authorized leave of absence, subject to stated conditions.

defendants cannot be said to have escaped from a "detention facility." In relation to construing such statutes, *State v. Brown,* 8 Wn. App. 639, 643, 509 P.2d 77 (1973), said:

> Penal statutes are to be strictly construed, to the end that activities not intended to be included within the ambit of the statute shall not be prosecuted. This does not mean, however, that a forced, narrow, or over-strict construction should be applied to defeat the obvious intent of the legislature. *State v. Rinkes,* 49 Wn.2d 664, 306 P.2d 205 (1957). It is the function of the court to adopt a construction of the statute that is reasonable and in furtherance of the obvious purpose for which it was enacted.

■ Under RCW 9A.76.010(2)(e), a detention facility may include "*any* work release, furlough, *or other such facility or program*". (Italics ours.) Here, the Yakima Work/Training Release Program was the product of the combined efforts of the Department of Social and Health Services and Yakima County. Although limited to probationers, it was established under the guidelines of the work release statute. RCW 72.65. The residents of this facility are subject to 24-hour supervision, and the rules specifically prohibit escape.[4] Guided by the general rules of statutory construction, the Yakima facility comes within the definition of a "detention facility." Additionally, a detention facility includes confinement pursuant to an order of a court. RCW 9A.76.010(2)(d). The defendants were ordered to reside at the Yakima facility pursuant to a court order, following modification of the terms of their original sentences.

■ The defendants raise additional assignments of error, but fail to cite any relevant authority in support of their arguments. Assignments of error not supported by citations of authority will not be considered by this court

---

[4]In fact, each of the defendants signed a document which provided, in part:

"By my signature below I, therefore, indicate that I have read the foregoing notice and do understand that my willful failure to return to the Yakima/Kittitas Work Release Facility under the above conditions shall be deemed an escape and render me a fugitive."

on appeal. *State v. Rutherford,* 66 Wn.2d 851, 857, 405 P.2d 719 (1975). Our review of the record reveals no error. Judgment of the Superior Court is affirmed.

MUNSON and ROE, JJ., concur.