[Nos. 11828–5–I; 11902–8–I.   Division One.   July 25, 1983.]

THE STATE OF WASHINGTON, *Respondent,* v. DEBORAH ANNE PETERS, *Appellant.*

THE STATE OF WASHINGTON, *Respondent,* v. DORA ELAINE NORLUND, *Appellant.*

*Zsa Zsa DePaolo* of *Washington Appellate Defender Association,* for appellants.

*Norm Maleng, Prosecuting Attorney,* and *Barbara Corey–Boulet* and *David Chappel, Deputies,* for respondent.

SCHOLFIELD, J.—In a consolidated appeal, defendants Dora Norlund and Deborah Peters appeal their juvenile court convictions for second degree escape.[1] We affirm in both cases.

By order dated January 13, 1982, Norlund was detained in a King County juvenile detention facility "pending a fact–finding hearing in this case". The order provided that "[the probation officer] has authority to release on pass for pre–placement visits." At a factfinding hearing on January 26, Norlund was found guilty of taking a motor vehicle without permission, RCW 9A.56.070. The decision provided for a disposition hearing, but a provision of the standard order that the defendant should "be detained until further order of the Court" was not checked. Norlund did, however, remain in the detention facility until February 3, when she was released pursuant to a pass which directed her to

---

[1] RCW 9A.76.120 provides, in pertinent part:

"(1) A person is guilty of escape in the second degree if:

"(a) He escapes from a detention facility; . . ."

RCW 9A.76.010(2) provides, in pertinent part:

"'Detention facility' means any place used for the confinement of a person (a) arrested for, charged with or convicted of an offense, or (b) charged with being or adjudicated to be a juvenile offender as defined in RCW 13.40.020 as now existing or hereafter amended, . . . or (d) otherwise confined pursuant to an order of a court, . . . or (e) in any work release, furlough, or other such facility or program[.]"

return to the facility at 11 a.m. on February 9, 1982. Norlund did not return to the detention facility and was convicted of second degree escape.

Peters was convicted of first degree robbery in August 1981 and committed to the Echo Glen Children's Center for a maximum term of 65 weeks. On March 9, 1982, Peters left the Echo Glen facility in the custody of counselor Charles Sparks. She participated in an "off campus" celebration at a Bellevue pizza parlor, marking the conclusion of a drug–alcohol education program. As the group left the pizza parlor, Peters ran away. Sparks pursued her, and she was apprehended some 12 minutes later. Peters was thereafter convicted of second degree escape.

Although the trial judge's failure to order Norlund's continued detention after the factfinding hearing may be mere oversight, she is correct that there was no express legal authority for her detention subsequent to January 26. The first issue presented by Norlund's appeal is whether a defendant may be convicted of second degree escape "from a detention facility", RCW 9A.76.120(1)(a), where the record discloses no order that she be detained until the date on which she allegedly escaped. We conclude such a conviction is proper.

An escape prosecution must be based upon escape from lawful custody or from a detention facility to which the defendant was confined pursuant to a lawful court order. *State v. Walker,* 27 Wn. App. 544, 619 P.2d 699 (1980); 27 Am. Jur. 2d *Escape, Prison Breaking, and Rescue* § 7 (1966). But custody may be lawful in this context even if all statutory requirements have not been met. *See, e.g., State v. Hatfield,* 66 Wash. 9, 118 P. 893 (1911) (One imprisoned pursuant to a valid final judgment which directs his detention and imprisonment, but which is not accompanied by a warrant or order of commitment as provided by statute, is nevertheless detained pursuant to sufficient authority to execute the sentence; thus, an attempt to escape is punishable.).

The better reasoned opinions appear to hold that where one is imprisoned under some color of law, he is not entitled to resort to self–help but must apply for his release through regular legal channels. The possibility of violence incident to a prison break dictates strongly against any other rule.

*State v. Fulkerson,* 300 So. 2d 276, 278 (Fla. Dist. Ct. App. 1974). Norlund's situation is most analogous to cases where a defendant escapes from custody after the end of the period for which he was sentenced to confinement. In such circumstances, a defendant may be convicted of escape if he leaves the institution to which he was sentenced, notwithstanding the prior expiration of his sentence. *Mullican v. United States,* 252 F.2d 398 (5th Cir. 1958); *State v. Fulkerson, supra. Contra, Brown v. Grimes,* 214 Ga. 388, 104 S.E.2d 907 (1958). *See generally* 27 Am. Jur. 2d *Escape, Prison Breaking, and Rescue* § 12 (1966). We are persuaded that *Mullican* and *Fulkerson* state the better rule.

Appellants also contend that because RCW 9A.76.010(2) defines "[d]etention facility" as "any place used for the confinement of a person", one cannot be guilty of second degree escape "from a detention facility", RCW 9A.76-.120(1)(a), unless he or she escapes from a *place* of confinement. They claim they did not escape from any *place* where they were confined and therefore cannot be convicted of second degree escape.

The State responds that the term "detention facility" entails a broader meaning than a building or place where a person is confined because it includes "any work release, furlough, or other such facility or program". RCW 9A.76-.010(2)(e). The State contends appellants escaped while on "furlough." Appellants' reply is that "furlough" is defined only in RCW 72.66 as applying to adult prisoners, and thus a juvenile cannot be prosecuted under RCW 9A.76.120 for leaving a "furlough." We agree with the State's interpretation of the relevant statutes.

■ A "detention facility" is "any place used for the

confinement of a person . . . in any work release, furlough, or other such facility or program." RCW 9A.76.010(2)(e). The term "place" thus encompasses any area in which a person is permitted to go or remain according to the terms of his work release, furlough or comparable program. A person who, while on work release or furlough, is not within the area where he is authorized to be at a particular time, or a person who has remained in an area where he was authorized to go beyond the time permitted him, has escaped "from a detention facility". *See State v. Yallup,* 25 Wn. App. 603, 608 P.2d 651 (1980), *overruled on other grounds* in *State v. Danforth,* 97 Wn.2d 255, 643 P.2d 882 (1982). Unless a more specific statute applies, *State v. Danforth, supra,* such individuals may be prosecuted for second degree escape under RCW 9A.76.120.

As appellants note, "furlough" is not statutorily defined in RCW Title 9A or RCW Title 13, but is defined in RCW 72.66.010(2) as applying only to unsupervised leaves of absence permitted felons. Clearly, neither Norlund nor Peters was on "furlough" as defined by RCW 72.66.010.

█ We are not, however, hindered by the lack of a legislative definition in the relevant chapters. Absent a statutory definition, words of a statute must be accorded their usual and ordinary meaning. *Pacific First Fed. Sav. & Loan Ass'n v. State,* 92 Wn.2d 402, 598 P.2d 387 (1979).

█ "Furlough" is generally defined as a "leave of absence". *Webster's Third New International Dictionary* 923 (1969). A "pass" is comparably defined as a "written leave of absence" or "written permission to move about freely in a particular area or place or to leave or enter its boundaries or limits". *Webster's Third New International Dictionary* 1650 (1969). The usual and ordinary meaning of "furlough" thus encompasses both Norlund's pass and Peters' attendance at a drug–alcohol rehabilitation celebration. It follows that both Norlund and Peters were properly convicted of second degree escape.

The judgments and sentences are affirmed.

ANDERSEN, C.J., and CALLOW, J., concur.

Reconsideration denied August 31, 1983.

Review denied by Supreme Court November 18, 1983.