[No. 26801-2-III.   Division Three.   October 15, 2009.]

THE STATE OF WASHINGTON, *Respondent*, v. ARTURO GOMEZ, *Appellant*.

*David N. Gasch* (of *Gasch Law Office*), for appellant.
*Matthew L. Newberg, Prosecuting Attorney*, for respondent.

¶1 SWEENEY, J. — A person commits escape in the second degree when he knowingly escapes from a detention facility. A deputy sheriff arrested the defendant here, took him to a booking area, and handcuffed him to a chair bolted to the floor. The defendant slipped out of the handcuffs and left. We conclude that this is a sufficient showing of second degree escape, and we affirm the conviction.

## FACTS

¶2 Garfield County Deputy Sheriff Jesse Bianche stopped Arturo Gomez for a traffic infraction. During the stop, Mr. Gomez gave the deputy a false name. Deputy Bianche then arrested Mr. Gomez for driving with a suspended license and obstructing a law enforcement officer. The deputy transported Mr. Gomez to the county jail. The jail shares space in the basement of the county courthouse with the sheriff's office. The deputy handcuffed Mr. Gomez to a chair that was bolted to the booking room floor. The deputy then responded to a call for backup on an unrelated incident. He left Mr. Gomez in the booking room. Mr. Gomez slipped his hands out of the cuffs, walked into the hallway, glanced around, and left the building through the back door. The deputy later saw Mr. Gomez's activity in the building on surveillance videotapes.

¶3 The State charged Mr. Gomez with one count of escape in the second degree, one count of driving while license suspended or revoked in the third degree, and one count of obstructing a law enforcement officer. The State later charged Mr. Gomez with possession of a controlled substance.

¶4 At trial, the State's witnesses testified about the layout and purposes of the sheriff's office and jail. The sheriff testified that standard procedure is to first escort any adult inmate into the booking room. The booking room's windows are secured with metal bars. The room contains a chair that is bolted to the floor and has a set of handcuffs attached to the chair's left arm. Deputy Bianche explained why he and his fellow deputy arrested Mr. Gomez. He transported Mr. Gomez to the jail and secured him in the booking room before leaving the facility on the other call. Mr. Gomez was gone when he returned.

¶5 The jury found Mr. Gomez guilty of second degree escape, third degree driving while license suspended, and obstructing a law enforcement officer. The jury found Mr. Gomez not guilty of possession of a controlled substance. The court entered an appropriate judgment and sentence. Mr. Gomez appeals his conviction for second degree escape.

## ANALYSIS

¶6 The question here is whether the State proved that Mr. Gomez knowingly escaped from a "detention" facility, RCW 9A.76.120 (escape in the second degree), or, as Mr. Gomez contends, merely that Mr. Gomez escaped from custody, RCW 9A.76.130 (escape in the third degree). That question turns on whether the configuration of the facility and Mr. Gomez's status at the time he was in the booking room satisfy the requirements of RCW 9A.76.010(1). That is a question of law that we will review de novo. *State v. Womac*, 160 Wn.2d 643, 649, 160 P.3d 40 (2007).

¶7 Mr. Gomez contends that the State failed to show that the booking room where he was held was a detention facility. And he argues that he had not yet been booked or charged with any offense when he left the booking room, nor was he confined pursuant to a court order. Mr. Gomez urges us to conclude that he is instead guilty only of escape from custody, third degree escape (RCW 9A.76.130), not second degree escape (RCW 9A.76.120(1)(a)).

¶8 A "detention facility" is "any place used for the confinement of a person . . . arrested for, charged with or convicted of an offense." RCW 9A.76.010(2)(a). So the place must qualify and the person detained must qualify. *State v. Hendrix*, 109 Wn. App. 508, 513-14, 35 P.3d 1189 (2001).

¶9 We have broadly interpreted the term "place" as used in the definition of a detention facility. *Id.* at 514-15. A detention facility is any place used for the confinement of a person charged. *State v. Peters*, 35 Wn. App. 427, 430-31, 667 P.2d 136 (1983). And the statute sets out five categories of persons who must be confined for the place to qualify as a "detention facility." RCW 9A.76.010(2); *Hendrix*, 109 Wn. App. at 512-13. Persons who are "confined pursuant to an order of a court" constitute one category. RCW 9A.76-.010(2)(d). But persons "arrested for, charged with or convicted of an offense" also constitute a category. RCW 9A.76.010(2)(a).

¶10 The State showed that the booking room is a "place used for the confinement of a person." RCW 9A.76.010(2); Report of Proceedings (RP) at 104-06, 210-16. Deputy Bianche did not leave the booking room until Mr. Gomez was handcuffed to the chair. Mr. Gomez should have been in the booking room upon the deputy's return. *Peters*, 35 Wn. App. at 431; RP at 106.

¶11 Mr. Gomez also maintains that he was not in the booking room for a purpose that would qualify that space as a detention facility. But he does not dispute that he was arrested, detained for driving with a suspended license and obstructing a law enforcement officer, and transported to the booking room. He was, then, there for a purpose that satisfies the statute. RCW 9A.76.010(2)(a).

¶12 Mr. Gomez also filed pro se a statement of additional grounds in which he raises no new issues.

¶13 We affirm Mr. Gomez's conviction for second degree escape.

BROWN and KORSMO, JJ., concur.