IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

STATE OF WASHINGTON,                    )       No. 32786-8-III
                                        )
                    Respondent,         )
                                        )
        v.                              )
                                        )       UNPUBLISHED OPINION
JAVIER SANCHEZ,                         )
                                        )
                    Appellant.          )
                                        )

FEARING, J. — Javier Sanchez appeals his conviction for second degree escape,

after a jury found that he knowingly escaped from a detention facility by failing to report

to the Benton County Jail work crew program. He challenges the sufficiency of the

evidence to support the conviction by contending that the work crew program fails to

meet the definition of a "detention facility" in RCW 9A.76.010(3). He also raises other

issues in a Statement of Additional Grounds (SAG). We reject Mr. Sanchez's

contentions and affirm the conviction.

## FACTS

Javier Sanchez pled guilty to unlawful possession of a controlled substance in

Benton County Superior Court on November 27, 2013. The court imposed a ten-month

jail sentence, with authorization to serve the sentence in the Benton County Jail work

crew program. Sanchez signed the work crew contract on his assigned report date of

December 10, 2013. In the contract, he acknowledged that failure to call or report to the

work crew would result in an arrest warrant and escape charges. Sanchez initially

reported to the work crew officer Ryan Tanska on December 17, but he failed to report as

directed for his first work assignment on January 2, 2014. Thereafter, he never reported.

The court issued an arrest warrant, and law enforcement arrested Sanchez on February 6,

2014. His failure to report disqualified him from the work crew program, and he served

the jail sentence on the charge of unlawful possession of a controlled substance.

## PROCEDURE

The State of Washington charged Javier Sanchez with second degree escape. The

State alleged that Sanchez knowingly escaped from a detention facility when he did not

report to the work crew. A jury convicted Sanchez as charged.

## ANALYSIS

Javier Sanchez challenges the sufficiency of the evidence to support his conviction

for second degree escape. In turn, he contends his conviction violates the due process

clause because of insufficiency of evidence. He argues that the State failed to prove he

escaped from a detention facility when he was not physically confined to such a facility,

but was released from jail and ordered to serve his sentence on work crew.

Evidence is sufficient if a rational trier of fact could find each element of the crime

beyond a reasonable doubt. *State v. Green*, 94 Wn.2d 216, 221, 616 P.2d 628 (1980).

2

No. 32786-8-III
*State v. Sanchez*

This court draws all reasonable inferences in favor of the State. *State v. Partin*, 88 Wn.2d 899, 906-07, 567 P.2d 1136 (1977). Javier Sanchez's appeal concerns more the construction of the statute creating his crime rather than the sufficiency of evidence. The facts are largely undisputed.

Washington categorizes the crime of escape into three degrees. First degree escape constitutes "knowingly escaping from custody or a detention facility while being detained pursuant to a conviction of a felony." RCW 9A.76.110(1). One is guilty of the crime of escape in the second degree when one "knowingly escapes from a detention facility," or, "having been charged with a felony," one "knowingly escapes custody." RCW 9A.76.120(1). Third degree escape is escaping "from custody."

The State charged Javier Sanchez with second degree escape. The State only alleged escape from a detention facility and not the alternate basis for the crime of escape from custody.

RCW 9A.76.010 defines many of the terms used in the three escape crimes. Critical to this appeal is the meaning of the phrase "detention facility" found in the elements of second degree escape. RCW 9A.76.010(3) delimits "detention facility" as:

> (3) "Detention facility" means any place used for the confinement of a person (a) arrested for, charged with or convicted of an offense, or (b) charged with being or adjudicated to be a juvenile offender as defined in RCW 13.40.020 as now existing or hereafter amended, or (c) held for extradition or as a material witness, or (d) otherwise confined pursuant to an order of a court, except an order under chapter 13.34 RCW or chapter 13.32A RCW, or (e) in any work release, furlough, *or other such facility or*

3

No. 32786-8-III
*State v. Sanchez*

*program*[.]

(Emphasis added.) Javier Sanchez maintains that his work crew program was not a "place used for confinement," and thus he was not physically in a "detention facility" from which he could escape for purposes of the second degree escape statute.

The meaning of a statutory definition is an issue of law we review de novo. *State v. Johnson*, 132 Wn. App. 400, 406, 132 P.3d 737 (2006). Our goal when interpreting a statute is to carry out the legislature's intent. *See State v. Gonzalez*, 168 Wn.2d 256, 263, 226 P.3d 131 (2010). We must give effect to the plain language of an unambiguous statute. *Gonzalez*, 168 Wn.2d at 263. If the plain language of a statute is unambiguous, our inquiry ends and we enforce the statute in accordance with its plain meaning. *State v. Armendariz*, 160 Wn.2d 106, 110, 156 P.3d 201 (2007).

Washington courts broadly interpret the term "place" as used in the definition of a detention facility. *State v. Gomez*, 152 Wn. App. 751, 754, 217 P.3d 391 (2009). A detention facility, under RCW 9A.76.010(3), is any place used for the confinement of a person charged. *State v. Gomez*, 152 Wn. App. at 754; *State v. Peters*, 35 Wn. App. 427, 430-31, 667 P.2d 136 (1983). A "detention facility" entails a broader meaning than a building or place where a person is confined since the term includes "any work release, furlough, or other such facility or program." *State v. Peters*, 35 Wn. App. at 430. The term "place" thus encompasses any area in which a person is permitted to go or remain according to the terms of his work release, furlough or comparable program. *State v.*

4

*Peters*, 35 Wn. App. at 430. A person who, while on work release, is not where he should be has escaped from a "detention facility." *State v. Peters*, 35 Wn. App. at 430.

The court in *State v. Peters*, 35 Wn. App. 427 (1983) rejected a similar claim by defendants who argued that they could not be convicted of second degree escape from a detention facility because they did not escape from a place of confinement. One defendant was released from a juvenile detention facility pursuant to a pass and did not return as directed. The other defendant served a term in a juvenile facility and absconded from an "off-campus" celebration at a pizza parlor. Both defendants were not where the courts ordered them to be.

Consistent with *Peters*, we observe that "work crew" is defined as "partial confinement" and a "program" in RCW 9.94A.030(55). This statute reads:

> "Work crew" means a program of partial confinement consisting of civic improvement tasks for the benefit of the community of not less than thirty five hours per week that complies with RCW 9.94A.725.

RCW 9.94A.030(55) follows the definition of "detention facility" in RCW 9A.76.010(3).

Washington courts have repeatedly rejected claims that a defendant was not confined in a detention facility or not in custody, for purposes of the crime of escape, when participating in a sentencing alternative to total confinement. In *State v. Breshon*, 115 Wn. App. 874, 63 P.3d 871 (2003), the court sentenced two defendants to a drug treatment program, but both failed to report to the program. This court affirmed convictions for first degree escape. We rejected the defendants' argument that

5

participating in a drug treatment program does not constitute being in custody.

*State v. Kent*, 62 Wn. App. 458, 814 P.2d 1195 (1991) focused on the word "escape" rather than "detention facility." One defendant served time at a work release facility and the other defendant was on medical furlough. Each defendant failed to return to jail as the terms of their release required. The trial court dismissed charges of second degree escape on the basis that neither defendant was physically confined and thus never escaped. This court reversed and reinstated the charges. We ruled that one need only be where he is not supposed to be in order to have escaped.

In *State v. Yallup*, 25 Wn. App. 603, 608 P.2d 651 (1980), two defendants signed out of a work release facility and failed to return. We affirmed their convictions for first degree escape. In *State v. Parker*, 76 Wn. App. 747, 888 P.2d 167 (1995), we affirmed the conviction of a defendant for first degree escape. Robert Parker moved to a new residence without notifying authorities of his new address while he was sentenced to home monitoring.

In view of the statutory definitions and case law, we hold that Javier Sanchez was in a detention facility when participating in the work crew program. The State's evidence established that the Benton County jail work crew is a program for which Sanchez was apprised of his specific reporting requirements, including the time to report for his first assignment, but knowingly failed to comply. He thus escaped his confinement when he failed to report.

Javier Sanchez further argues that he was only guilty of third degree escape because he "escaped from custody" as the word "custody" is used in RCW 9A.76.130(1), the statute creating escape in the third degree. The term "custody" is defined in RCW 9A.76.010(2) as:

> [r]estraint pursuant to a lawful arrest or an order of a court, or any period of service on a work crew.

Javier Sanchez asserts that he escaped from custody by failing to be present at the time and place for his work crew assignment, where he was legally obligated to be. He cites *State v. Ammons*, 136 Wn.2d 453, 963 P.2d 812 (1998) to illustrate his point.

*State v. Ammons* does not help Javier Sanchez, since *Ammons* held that convicted felons were guilty of first degree escape when they failed to report to the work crew. The Supreme Court considered the defendants to be in custody during the time they were required to report for court-ordered work crew. The State might have charged Sanchez with first degree escape from custody, but the failure to charge the higher crime does not preclude his conviction for second degree escape. The State may have also charged him with the lower crime of third degree escape, but this failure does not preclude the charge for the higher crime.

## SAG CONTENTIONS

In his additional ground 1, Javier Sanchez suggests he did not receive a fair trial because the trial court excused one juror after which only eleven jurors deliberated and

voted guilty. He is incorrect. The record shows that the trial court excused one juror and substituted an alternate juror.

Also in additional ground 1, Javier Sanchez states he observed that other defendants who did not report for work crew were charged with third degree, not second degree, escape. We cannot rely on this factual assertion because of the lack of any evidence before us. Also, any purported inconsistent prosecutions do not absolve Sanchez from the charge of second degree escape.

In additional ground 2, Javier Sanchez contends that the trial court miscalculated his offender score at "5" rather than "3." Sanchez is mistaken. His criminal history includes four prior felony drug possession convictions that count as one point each. RCW 9.94A.525(15). We add one additional point to his score because he committed the current offense during community placement and custody. RCW 9.94A.525(19). The offender score of "5" is correct.

Also in ground 2, Javier Sanchez maintains that he was not home to answer the telephone when the work crew officer called to assign him work. To the extent Sanchez argues that he did not knowingly fail to show for the work crew, the jury found that, based on the State's evidence, he knew of his obligation to report and failed to comply. This appeals court does not reweigh the trial evidence.

## CONCLUSION

We confirm Javier Sanchez's conviction for second degree escape.

8

No. 32786-8-III
*State v. Sanchez*


A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Fearing, J.

WE CONCUR:

_____
Brown, A.C.J.

_____
Lawrence-Berrey, J.

9