IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 40441-2-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JASON MICHAEL WALKER, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

COONEY, J. — Jason Walker was convicted of escape in the second degree following a jury trial. Mr. Walker appeals, arguing there was insufficient evidence to support the conviction, among other claimed errors. We agree the evidence was insufficient to support Mr. Walker's conviction. We reverse the conviction and remand for the trial court to dismiss the charge with prejudice. With this holding, we decline to review Mr. Walker's remaining assignments of error.

No. 40441-2-III
*State v. Walker*

BACKGROUND

On March 23, 2020, during the onset of the COVID-19 pandemic, Mr. Walker escaped from the Yakima County Jail. Following a disturbance where jail officials deployed pepper spray, Mr. Walker exited the jail through an annex door breached by other inmates. Mr. Walker was promptly apprehended.

The State charged Mr. Walker with escape in the second degree under RCW 9A.76.120(1)(b), alleging that "after having been charged with Forgery and/or Unlawful Possession of a Firearm and/or Possession of a Controlled Substance, felonies, [he] knowingly escaped from custody." Clerk's Papers (CP) at 17. The matter proceeded to a jury trial.

On the morning of trial, the court suggested, "The information lists the felonies that Mr. Walker was charged with as unlawful possession of a firearm and possession of a controlled substance. I propose to just generalize to 'a felony.'" Rep. of Proc. (RP) at 96. In response, the prosecutor stated that he intended on moving to amend the information to "just simply being in a detention facility" under RCW 9A.76.120(1)(a). RP at 96-97. The prosecutor reasoned that doing so "simplifies the jury instructions" and "eliminates the potential for any prejudice—[because the information] won't discuss

the nature of the felony charges against [Mr. Walker]." RP at 97. The court granted

the State's motion.[1]

At trial, Yakima County Jail records custodian, Sandra Bess, testified about

exhibit 3, a "release report" pertaining to Mr. Walker that she had signed. RP at 295-96.

Exhibit 3 was admitted into evidence. Ms. Bess testified that Mr. Walker "was booked

into the jail on March 18th, 2020" and that the release report "shows his release date as

May 15th of 2020." RP at 297-98. The release report, depicted below, provided minimal

information as to why Mr. Walker was detained.

| | |
|---|---|
| Agency Booked For: | Benton County Sheriff and Jail |
| Booking Type: | Other Agency Hold |
| Initial Booking Date: | 03/18/2020 17:02:00 |
| Last Intake Date: | 03/18/2020 17:02:00 |
| Case Number: | |
| Local Number: | |
| Booking Disposition: | |
| Scheduled Release: | |
| Actual Release: | 05/15/2020 15:32:46 |
| Req Bond Payments Due: | $0.00 |
| Charge Housing: | Yes |
| Non-Custody Booking: | No |

Ex. 3.

Yakima County Jail Corrections Officer Josh Clark testified that when someone is

booked into the jail, "[w]e find out who they are [and] what the charging documents are

---

[1] At the conclusion of the State's case, the court again granted the State's motion to amend the information. The second amended information is inconsequential to our holding.

if we have reason to hold them." RP at 302. Officer Clark testified that individuals are detained in jail for "citation[s], criminal citations, felony warrants, [suspect information reports], stuff like that" and can be from "other counties—confirmed on the warrant" or from other states. RP at 303.

Mr. Walker did not contest that he was an inmate at the jail nor that he escaped from the jail. Rather, Mr. Walker testified that he fled the jail "[t]o get away from the disturbance, to get away from not being able to breathe, to get away from the officers that—at that moment in time I feared for my life,—thought they were going to do something, they were doing something." RP at 419.

The jury was instructed on the law at the conclusion of the evidentiary portion of the trial. Relevant to this appeal, the jury was instructed that to convict Mr. Walker of escape in the second degree, the jury must find beyond a reasonable doubt:

(1) That on or about March 23, 2020, [Mr. Walker] escaped from a detention facility;

(2) That [Mr. Walker] knew that his actions would result in leaving confinement without authorization; and

(3) That this act occurred in the State of Washington.

CP at 237. The court defined "detention facility" as "any place used for the confinement of a person arrested for, charged with, or convicted of an offense." CP at 238.

Following deliberations, the jury found Mr. Walker guilty of escape in the second degree. The court later sentenced Mr. Walker to 55 months of confinement.

4

Mr. Walker timely appeals.

ANALYSIS

Mr. Walker argues the evidence admitted at trial was insufficient to support a conviction for escape in the second degree. We agree.

Due process imposes the burden of proving every element of a crime charged beyond a reasonable doubt on the State. *State v. Smith*, 155 Wn.2d 496, 502, 120 P.3d 559 (2005). Sufficiency of the evidence is a question of law this court reviews de novo. *State v. Rich*, 184 Wn.2d 897, 903, 365 P.3d 746 (2016). In a sufficiency of the evidence analysis, the court considers whether, "after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found guilt beyond a reasonable doubt." *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). A challenge to the sufficiency of the evidence "admits the truth of the State's evidence and all inferences that reasonably can be drawn therefrom." *Id.* The remedy for insufficient evidence is dismissal with prejudice. *State v. Irby*, 187 Wn. App. 183, 204, 347 P.3d 1103 (2015).

Circumstantial and direct evidence are equally reliable, and we do not review credibility determinations. *State v. Zghair*, 4 Wn.3d 610, 620, 567 P.3d 1 (2025). However, "inferences based on circumstantial evidence must be reasonable and cannot be based on speculation." *State v Vasquez*, 178 Wn.2d 1, 16, 309 P.3d 318 (2013).

Mr. Walker argues there was insufficient evidence presented at trial to sustain the conviction because the State failed to prove that he escaped from a detention facility. Specifically, Mr. Walker contends the State was required to prove that the Yakima County Jail confined people "arrested for, charged with, or convicted of an offense" and that he was confined for one of those reasons. Appellant's Opening Br. at 18. The State responds that, in viewing the evidence in a light most favorable to it, circumstantial evidence allowed the jury to reasonably infer that Mr. Walker was detained for one of the enumerated reasons.

An element of escape in the second degree is that the accused "knowingly escapes from a detention facility." RCW 9A.76.120(a). A "detention facility" is "any place used for the confinement of a person . . . arrested for, charged with or convicted of an offense," among other definitions. RCW 9A.76.010(3)(a). Thus, a detention facility includes both place and person elements. *State v. Hendrix*, 109 Wn. App. 508, 512-13, 35 P.3d 1189 (2001). The place element requires the facility qualify as "'any place used for the confinement of a person . . . arrested for, charged with or convicted of an offense.'" *State v. Gomez*, 152 Wn. App. 751, 754, 217 P.3d 391 (2009) (quoting former RCW 9A.76.010(2)(a) (2009)). The person element requires the person qualify as having "'been arrested, charged [with], or convicted of an offense.'" *Hendrix*, 109 Wn. App. at 513 (quoting former RCW 9A.76.010(2)(a) (2001)).

Here, sufficient evidence supports the jury's finding that the Yakima County Jail is a "place used for the confinement of a person . . . arrested for, charged with or convicted of an offense." RCW 9A.76.010(3)(a). Officer Clark testified that the jail detains individuals for "citation[s], criminal citations, felony warrants, [suspect information reports], stuff like that." RP at 303. The State, however, failed to present sufficient evidence that Mr. Walker was detained after being arrested for, charged with, or convicted of an offense.

The only evidence offered as to why Mr. Walker was detained was admitted through Ms. Bess and exhibit 3. Ms. Bess testified that Mr. Walker "was booked into the jail on March 18th, 2020" and that his release date was May 15, 2020. RP at 297. Exhibit 3 merely notes that Mr. Walker was booked into the jail for the "Benton County Sheriff and Jail" and that his booking type was an "Other Agency Hold." (Emphasis omitted.) The information in exhibit 3 corresponds with Corrections Officer Clark's testimony that individuals may be detained in the jail on suspect information reports or "stuff like that." RP at 303. Suspect information reports and "stuff like that" do not amount to being "arrested for, charged with or convicted of an offense." RP at 303; RCW 9A.76.010(3)(a).

In viewing this evidence in a light most favorable to the State, any rational trier of fact could not have found Mr. Walker was detained because he was arrested for, charged with, or convicted of an offense. Rather, the only evidence admitted as to why Mr.

7

Walker was detained was an "Other Agency Hold." Ex. 3 (emphasis omitted). An "Other Agency Hold" cannot be reasonably inferred to include an arrest, charge, or conviction of an offense. Because the State failed to prove Mr. Walker was detained for one of the reasons enumerated in RCW 9A.76.010(2)(a), insufficient evidence was presented to support Mr. Walker's conviction for escape in the second degree.

As an ancillary matter, we address the origin of the issue before us. A prosecutor represents the people "in a quasijudicial capacity in a search for justice." *State v. Monday*, 171 Wn.2d 667, 676, 257 P.3d 551 (2011). Because defendants are among those a prosecutor represents, a prosecutor owes a duty to defendants to see that their right to a constitutionally fair trial is not violated. *Id*.

Here, in recognizing that Mr. Walker did not contest that he was incarcerated nor that he escaped from jail, the prosecutor moved to amend the information. The prosecutor reasoned that the amendment "eliminates the potential for any prejudice— [because the information] won't discuss the nature of the felony charges against [Mr. Walker]." RP at 97. Mr. Walker's sufficiency of the evidence challenge likely would not have come before this court had the prosecutor proceeded on the original information alleging that Mr. Walker "after having been charged with Forgery and/or Unlawful Possession of a Firearm and/or Possession of a Controlled Substance, felonies . . . knowingly escaped from custody." CP at 17. Although the prosecutor's charging decision resulted in this appeal and ultimate reversal of the conviction, we commend the

prosecutor for protecting Mr. Walker's right to a fair trial and for his candor at oral argument before this court.

## CONCLUSION

We reverse Mr. Walker's conviction for escape in the second degree and remand to the trial court to dismiss the charge with prejudice. Because we reverse and remand for dismissal, we decline review of Mr. Walker's additional claimed error.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Cooney, J.

WE CONCUR:

_____
Staab, A.C.J.

_____
Hill, J.