Argued and submitted October 14, affirmed November 30, 1988

## STATE OF OREGON,
*Respondent,*

*v.*

## ALANE ALICE SCOTT,
*Appellant.*

(C 87-09-34907; CA A47075)

764 P2d 976

Jenny Cooke, Portland, argued the cause and filed the brief for appellant.

Linda DeVries Grimms, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warden, Presiding Judge, and Graber and Riggs, Judges.

GRABER, J.

## GRABER, J.

Defendant appeals her conviction for escape in the second degree. ORS 162.155. She argues that the trial court should have granted her motion for acquittal, because she did not leave or fail to return to a "correctional facility." We affirm.

On August 14, 1987, defendant was convicted of two counts of loitering to solicit prostitution. The court sentenced her on each charge to "Jail *180* Days," with "Work Release [- Our] New Beginnings" as a "condition." The sentences were to run consecutively. Defendant was incarcerated at that time. On August 24, 1987, she was transferred to Our New Beginnings (ONB), where she signed an Alternative Housing Agreement, which provided in part:

"I understand that I must report to and reside at Our New Beginnings * * * and must abide by the conditions of that agency and work release * * *.

"* * * * *

"I, the undersigned, [understand] that as an inmate of Multnomah County, I will be subject to official detention by the Sheriff of Multnomah County and that it is unlawful for me to escape from such detention. I understand that escapes include any unlawful departure, including failure to return to custody after temporary leave granted for a special purpose or a limited period. I am aware that if I escape from my assigned location, I will be prosecuted for a crime, punishable by imprisonment in the penitentiary."

The agreement listed the charges of which defendant had been convicted and described the "sentence" as "180 days w/ w[ork] r[elease] *O.N.B.*" The Multnomah County Sheriff's Office "Work Release Transfer Authorization," signed the same day, noted that the court had authorized defendant's work release and that defendant had been accepted by ONB, "an authorized contract agency providing work release supervision and services."

Employes of ONB then drove defendant to a residence that she claimed was her own, so that she could pick up some clothing. The employes waited in the car for about ten minutes. When defendant did not return, they looked for but could not locate her. Eventually defendant was apprehended and charged with escape.

ORS 162.155(1)(c) provides:

> "(1)    A person commits the crime of escape in the second degree if:
>
> "* * * * *
>
> "(c)    The person escapes from a correctional facility * * *."

Defendant does not contest that she "escaped." *See* ORS 162.135(4).[1] Rather, she asserts that the place from which she escaped was not a "correctional facility." That term is defined in ORS 162.135(2):

> " 'Correctional facility' means any place used for the confinement of persons charged with or convicted of a crime or otherwise confined under a court order."

Although ONB itself (like defendant's house and the ONB employes' car) is not a "correctional facility," defendant was in the constructive custody of the Multnomah County jail, which is. *See State v. Ratliff,* 89 Or App 483, 487, 749 P2d 616 (1988).

In *Ratliff,* the defendant was confined in the Multnomah County jail and, while there, was placed in a work release program to attend Northwest Business College. He entered into a work release agreement and an Alternative Housing Agreement almost identical to the ones that defendant signed here.[2] Before attending the work release program, the defendant left to retrieve clothing from home and never returned. We held that

---

[1] Defendant argued in the trial court that her departure was not an "escape" as defined in ORS 162.135(4), but she has abandoned that argument on appeal.

[2] In *State v. Ratliff, supra,* 89 Or App at 485, the defendant's work release agreement said:

> "Failure to report at the scheduled time, or failure to return to my place of lodging at the scheduled time, may be considered an ESCAPE."

He also signed an "Alternative Housing Agreement" that provided:

> "I understand that I must report to and reside at CCWR * * * and must abide by the conditions of that agency and work release. * * *
>
> "* * * * *
>
> "I, the undersigned, [understand] that as an inmate of Multnomah County, I will be subject to official detention by the sheriff of Multnomah County."

"an individual on a work release program from a county correctional facility is incarcerated in that facility for the purposes of ORS 162.155 and that absence contrary to the terms of such a work release program constitutes an unlawful departure from a correctional facility under ORS 162.135(4)." 89 Or App at 487.

*State v. Ratliff, supra,* controls,[3] if ONB qualifies as a work release program. We hold that it does. The judgment, the Alternative Housing Agreement, and the Work Release Transfer Authorization all refer to ONB as a work release program. ONB and Multnomah County have a contract under which ONB promises to provide services—such as counseling and job placement—to aid in the rehabilitation of inmates. Thus, ONB qualifies as a work release program. *See* ORS 144.420(2).[4]

Affirmed.

---

[3] Defendant argues that *State v. Ratliff, supra,* can be distinguished, because she was serving jail time only as a condition of probation, not as a sentence. The judgment does not appear to support the premise of her argument, but, even if it did, defendant was "convicted of a crime" and was lawfully "confined under a court order." ORS 162.135(2).

[4] The trial court authorized defendant's work release under ORS 137.520, which does not contain a definition of the "work or educational release" that the statute permits. We need not decide whether ORS 144.420 applies to a work release program for inmates of county correctional facilities. *See State v. Ratliff, supra,* 89 Or App at 486 n 2. ONB fits the statutory definition even if it governs, because defendant's release to ONB was a "temporary leave for purposes consistent with good rehabilitation practices." ORS 144.420(2).