Argued and submitted August 20, reversed October 6, 1993

STATE OF OREGON,
*Respondent,*

*v.*

MICHAEL L. WILDE,
*Appellant.*

(CM92-0719; CA A76111)

862 P2d 105

Sally L. Avera, Public Defender, Salem, argued the cause and filed the brief for appellant.

Timothy A. Sylwester, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

ROSSMAN, P. J.

## ROSSMAN, P. J.

Defendant appeals his conviction for escape in the second degree. ORS 162.155. We reverse.

The basis for defendant's conviction was his violation of the conditions of a pretrial "home detention" release program. Under that program, defendant was prohibited from consuming alcohol and was required to obtain the authorization of his probation officer before leaving the premises. He failed to appear for a scheduled appointment and was later found intoxicated and causing a disturbance at the courthouse. On appeal, he contends that the state did not prove the elements of escape in the second degree and, therefore, his motion for judgment of acquittal should have been granted.

Initially, defendant was charged with menacing and assault in the fourth degree. The court set a security deposit amount. Defendant did not post the security and was held in jail. On April 15, 1992, the court granted defendant permission to enter the pretrial home detention program, and he was released.

The threshold issue is whether defendant's violation of the terms of the detention program gave rise to a violation of ORS 162.155, which provides, in part:

"(1)   A person commits the crime of escape in the second degree if:

"\* \* \* \* \*

"(c)   The person escapes from a correctional facility[.]"

"Escape" is defined in part as "unlawful departure from custody or a correctional facility." ORS 162.135(5). "Correctional facility" is defined as "*any* place used for the confinement of persons charged with or convicted of a crime or otherwise confined under a court order." ORS 162.135(2). (Emphasis supplied.)

In previous cases, we have held that persons housed outside of a correctional facility pursuant to a release agreement remain in the constructive custody of the correctional facility and therefore commit the crime of escape when they unlawfully depart from the place to which they are confined. *See State v. Sasser*, 104 Or App 251, 799 P2d 1146 (1990), *rev*

*den* 311 Or 151 (1991); *State v. Torgerson*, 98 Or App 248, 778 P2d 991 (1989); *State v. Ratliff*, 89 Or App 483, 749 P2d 616 (1988).

However, in 1989, the legislature amended the statute to provide that the crime of escape "does not include failure to comply with provisions of a conditional release in ORS 135.245." ORS 162.135(5). The question, then, is whether defendant's pretrial release into the home detention program qualifies as a "conditional release in ORS 135.245."[1] The state argues that it does not, because conditional release is defined as "a *nonsecurity release* which imposes regulations on the activities and associations of the defendant." ORS 135.230(1). (Emphasis supplied.) The state continues:

> "Defendant's home detention was not a 'nonsecurity release.' In defendant's underlying case on the then-pending menacing and assault charges, the court set security, but defendant could not provide the figure imposed. The home-detention agreement was not a form of conditional release in lieu of security release; rather, it was in the nature of an alternative cell assignment in light of overcrowding at the jail. * * * Defendant was placed in the home-detention program only because the jail was overcrowded. Defendant's release was not a conditional-release decision ordered by the court pursuant to ORS 135.245."

The legislature has provided that, when charged with a "releasable offense," ORS 135.240, a person in custody has the right to security release or appearance before a magistrate. ORS 135.245(1). Having appeared before a magistrate, a defendant may be released on personal recognizance, ORS 135.620, conditionally released, ORS 135.250, or given the opportunity to post bail and execute a security

---

[1] ORS 135.245 provides, in part:

"(1) * * * [A] person in custody shall have the immediate right to security release or shall be taken before a magistrate without undue delay. * * *

"* * * * *

"(4) Upon a finding that release of the person on personal recognizance is unwarranted, the magistrate shall impose either conditional release or security release."

Under ORS 135.260(2), a conditional release may include

"[r]easonable regulations on the activities, movements, associations and residences of the defendant, including, if the court finds it appropriate, restriction of the defendant to the defendant's own residence or to the premises thereof."

release. ORS 135.265(1). Notwithstanding the state's argument that the release in this case was merely an "alternative cell assignment," we are not at liberty to create an additional category for pretrial release decisions. Defendant did not execute a security release and was not released on his own recognizance, but rather was released from jail on the condition that he abide by the rules of the home detention program.[2] The effect of the legislature's amendment to ORS 162.135(5) is clear. When defendant failed to comply with the conditions of his release, he was not subject to prosecution for escape. The state may have other courses to take, but this is not one of them.

Reversed.

---

[2] In the information that charged defendant with, *inter alia*, escape in the second degree, the state alleges that defendant was *"released from custody* by an order of the Benton County District Court, dated April 15, 1992, *upon a release agreement upon the condition that* said defendant would subsequently appear personally in connection with said charge[.]" (Emphasis supplied.) Because the April 15 order is not in the record on appeal, we cannot know whether it was entitled "release agreement" or "alternative cell assignment."