On appellant's petition for reconsideration filed September 16, reconsideration allowed; decision (122 Or App 368, 858 P2d 182) withdrawn; affirmed November 3, 1993, reconsideration denied March 2, petition for review denied March 22, 1994
(318 Or 479)

## STATE OF OREGON,
*Respondent,*

*v.*

## JOHNNY LEE SCHAFFER,
*Appellant.*

(92-01-5526C; CA A74353)

862 P2d 107

Sally L. Avera, Public Defender, and Ingrid A. Mac-Farlane, Deputy Public Defender, for petition.

Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and Janet A. Metcalf, Assistant Attorney General, *contra.*

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

ROSSMAN, P. J.

## ROSSMAN, P. J.

This is another in the long line of escape cases that highlight the non-jail status of the defendant. *See State v. Sasser*, 104 Or App 251, 799 P2d 1146 (1990), *rev den* 311 Or 151 (1991) (defendant conditionally released to reside in sister's home); *State v. Torgerson*, 98 Or App 248, 778 P2d 991 (1989) (defendant in home supervision release program); *State v. Scott*, 94 Or App 250, 764 P2d 976 (1988) (defendant transported to work release program); *State v. Ratliff*, 89 Or App 483, 749 P2d 616 (1988) (defendant in work release program). We originally affirmed this case from the bench. 122 Or App 638, 858 P2d 182 (1993). However, we grant defendant's motion for reconsideration in order to distinguish the circumstances of this case from those addressed by our recent opinion in *State v. Wilde*, 123 Or App 493, 862 P2d 105 (1993).

Defendant was originally convicted of an unrelated offense. Due to a lack of jail space, the trial court imposed a unique sentence. It ordered defendant to report to the Malheur County courtroom before 8 a.m. on each judicial day and to remain there, awake, until 5 p.m. or until court business concluded. It also placed defendant under house arrest when he was not in court. Defendant received one custodial unit or credit for each day served under the courtroom confinement order. The order also provided:

> "[T]he Court constitutes a correctional facility as defined in ORS 162.135 subsection 2, for purposes of this order. Failure to comply with this order may result in you being charged with Escape in the First Degree, Escape in the Second Degree, or some other crime and/or Contempt of Court."

Defendant failed to appear for his "courtroom confinement" and was convicted of escape in the second degree. ORS 162.155. At trial, he moved for a judgment of acquittal on the ground that a courtroom is not a correctional facililty and, therefore, his failure to appear could not constitute escape. He assigns as error the denial of that motion.[1] We affirm.

---

[1] Defendant also argues that he could not have "escaped" because he never "arrived." That argument was not preserved for appellate review.

In *State v. Wilde, supra,* the defendant violated the conditions of a pretrial "home detention" program under which he was allowed to leave jail and was required to stay at home unless he obtained permission to leave the premises. We noted that, under a 1989 legislative amendment, the crime of escape no longer includes "failure to comply with provisions of a conditional release." ORS 162.135(5). Because the home detention program was a "conditional release," we held that the defendant could not be convicted of escape when he failed to comply with the terms of his release agreement.[2]

*Wilde* and the present case are distinguishable. Here, defendant's failure to appear for courtroom confinement was not a "failure to comply with provisions of a conditional release." By declaring that the courtroom was a correctional facility[3] and confining defendant to that facility between the hours of 8 a.m. and 5 p.m., and then by placing him under house arrest for the remaining hours of the day, the judge ensured that defendant was at all times either in custody[4] or confined to a correctional facility. In sum, he had not been "released." Accordingly, the trial court did not err in denying defendant's motion for judgment of acquittal.

Reconsideration allowed; decision withdrawn; affirmed.

---

[2] The state did not argue that the defendant had been placed under house arrest or that his house had been declared a "correctional facility" to which he had been confined under a court order.

[3] ORS 162.135(2) provides, in part:

" 'Correctional facility' means any place used for the confinement of persons charged with or convicted of a crime or otherwise confined under a court order."

[4] ORS 162.135(4) provides, in part:

" 'Custody' means the imposition of actual or constructive restraint by a * * * court order[.]"