Argued and submitted July 27, 1993, affirmed January 5, 1994

## STATE OF OREGON,
*Respondent,*

*v.*

## DAVID H. ESMOND,
*Appellant.*

(CM92-0565; CA A75640)

866 P2d 494

Eric R. Johansen, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

Janet A. Klapstein, Assistant Attorney General, argued the cause for respondent. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Deits, Presiding Judge, and Rossman and Durham, Judges.

ROSSMAN, J.

**ROSSMAN, J.**

Defendant was convicted of escape in the second degree, ORS 162.155(1)(c), after absconding from court-ordered home detention. We affirm.

On February 7, 1992, defendant pled guilty to two counts of menacing and was placed on probation. One of the conditions of probation required him to complete 90 days "in [Benton County Community Correction (BCCC)] home detention program subject to direction of BCCC[.]" On the 53rd day of his home detention, defendant left his residence without permission and then left town. When apprehended, he was charged with escaping from a correctional facility and violating the terms of his probation. He unsuccessfully moved for a judgment of acquittal and was found guilty of both charges.

On appeal, defendant argues that his premature departure from home detention does not constitute "escape from a correctional facility," ORS 162.155(1)(c), because he "was never sentenced to any correctional facility to begin with, * * * was never actually or constructively in the custody of a correctional facility," and, therefore, could not have "escaped" therefrom.

A "correctional facility" is defined as "any place used for the confinement of persons charged with or convicted of a crime or otherwise confined under a court order." ORS 162.135(2). "Escape" is defined as

> "the unlawful departure of a person from custody or a correctional facility. * * * [It] does not include failure to comply with provisions of a conditional release in ORS 135.245." ORS 162.135(5).

The conditional release decisions addressed in ORS 135.245 pertain to *pretrial* releases. Accordingly, we have held that failure to comply with a pretrial release agreement does not constitute escape. *State v. Wilde*, 123 Or App 493, 862 P2d 105 (1993).

This case, however, does not involve pretrial release. *See State v. Schaffer*, 124 Or App 271, 862 P2d 107 (1993) (defendant sentenced to courtroom confinement has not been conditionally released).[1] Here, defendant was originally

---

[1] In *Schaffer*, we should have noted that the "conditional release" exception in escape cases, ORS 162.135(5), did not apply because the defendant in that case was *sentenced.* He was not failing to comply with a *pre-trial* release, to which ORS 135.245 applies.

convicted of menacing and ordered to complete 90 days in a home detention program. As a participant in that program, he was booked into the Benton County Correctional Facility, given an alternate cell assignment and advised that departure from his residence without approval from his probation officer would constitute escape from custody. During the relevant 90-day period, he was in the constructive custody of the Benton County Correctional Facility, regardless of the fact that he was physically housed elsewhere. *State v. Sasser*, 104 Or App 251, 799 P2d 1146 (1990), *rev den* 311 Or 151 (1991); *State v. Torgerson*, 98 Or App 248, 778 P2d 991 (1989). Because defendant's unlawful departure from his residence constituted "escape," the trial court did not err in denying his motion for judgment of acquittal.

Affirmed.