[No. 13276-5-III.    Division Three.    January 26, 1995.]

THE STATE OF WASHINGTON, *Respondent*, v. ROBERT G. PARKER, *Appellant.*

*Robert J. Thompson*, for appellant.
*Andrew K. Miller, Prosecuting Attorney*, for respondent.

THOMPSON, C.J. — Robert G. Parker appeals his bench conviction for first degree escape. The sole issue is whether his unauthorized leave from home detention is sufficient to support his conviction. We affirm.

In 1992, Mr. Parker was convicted of felony bail jumping. The court imposed a 120-day sentence with the option of Mr. Parker serving it in home detention. He signed a home monitoring agreement, acknowledging removal of his "anklet"[1]

---

[1]An anklet is the electronic monitoring device.

would be a basis "for the charge of criminal intent (of escape)". He enrolled in the home detention program through the Benton County Sheriff's office on November 24, 1992. On January 31, 1993, Mr. Parker left his residence following a disagreement with its owner. He was charged with first degree escape on February 10. On February 12, Mr. Parker turned himself in to Yakima County officials. He never removed the anklet.

The court in a bench trial concluded Mr. Parker's conduct in leaving his residence without permission constituted first degree escape. He appeals, challenging this conclusion.

The pertinent statutes foreclose Mr. Parker's argument. RCW 9A.76.110 provides a person is guilty of first degree escape "if, being detained pursuant to a conviction of a felony . . ., he escapes from custody or a *detention facility*". (Italics ours.) RCW 9A.76.010 defines "[d]etention facility" as "*any place used for the confinement* of a person (a) . . . convicted of an offense . . .". (Italics ours.) As set forth in RCW 9.94A.030(8), "[c]onfinement" encompasses both *total and partial confinement.* RCW 9.94A.030(40) specifies "[h]ome detention" is "a program of *partial confinement* available to offenders wherein the offender is confined in a private residence subject to electronic surveillance". (Italics ours.) Since "home detention" comes within the definition of "detention facility", it is clear the stipulated facts support Mr. Parker's conviction for first degree escape.

We found only one case addressing the issue raised here. *State v. Esmond*, 125 Or. App. 613, 866 P.2d 494 (1994). In *Esmond*, the defendant argued his departure from home detention did not constitute escape because he was not sentenced to a correctional facility. The court disagreed, observing he was originally booked into jail and given an "alternate cell" assignment, specifically, home detention. The court held he was in the constructive custody of the jail even though he was physically housed elsewhere. Mr. Parker's enrollment application likewise states the "facility" is the Benton County Jail which includes "the participant's home for the periods he is on the program". Thus, the application supports a conclusion he was in the constructive custody of

the Benton County Jail at the time he left his home detention.

Mr. Parker compares his conduct to the offense of failing to return to a work release facility, which the Legislature has seen fit to treat more leniently than first degree escape.[2] We recognize that the potential for violence is greater during an escape from prison or jail than in leaving home detention. But the classification and punishment for various offenses is for the Legislature to determine, not the courts, so long as it acts in a constitutional manner. We are not persuaded that classifying Mr. Parker's conduct as first degree escape violates his right to equal protection. The classification has a rational basis in that it promotes the success of home detention as a cost effective alternative to total confinement by punishing persons who leave without permission in the same manner as those who leave more restrictive settings.

Affirmed.

MUNSON and SCHULTHEIS, JJ., concur.

---

[2]Willful failure to return to a work release facility is an unclassified felony, with a maximum penalty of 10 years. RCW 72.65.070; RCW 9.92.010. The maximum for first degree escape is also 10 years, but the Legislature has categorized it at a seriousness level of 4 for purposes of computing the standard range sentence. RCW 9.94A.320. Willful failure to return to a work release facility is a level 3 offense. RCW 9.94A.320. *See also State v. Basford*, 56 Wn. App. 268, 270, 783 P.2d 129 (1989).