113 F.3d 1240
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Paul Charles AMSDEN, Petitioner-Appellant,
v.
STATE OF OREGON, Respondent-Appellee.
 No. 96-35754.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 5, 1997.*
Decided May 7, 1997.
 
 Before: SKOPIL, BRUNETTI, and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Paul Amsden appeals the district court's denial of his petition for habeas corpus pursuant to 28 U.S.C. § 2254. Amsden challenges his conviction for Escape II in the Circuit Court of Coos County Oregon, claiming that the evidence was insufficient to support his conviction. Specifically, he contends that he was not in a correctional facility when he escaped, and thus he could not have committed the crime for which he was convicted. He argues instead that his supervised park service was actually a form of temporary work-release qualifying him only for the crime of unauthorized departure. We reject his argument.
 
 
 3
 There was sufficient evidence to convict petitioner of escape from a "correctional facility." Or.Rev.Stat. § 162.155(1)(c). Under Oregon law, a "correctional facility" includes any area where the inmate is in the facility's constructive custody. See State v. Esmond, 866 P.2d 494, 495 (Or.Ct.App.1994). Here petitioner was transported by the Department of Corrections to the park, where he was supervised by Parks Department Rangers; he was not free to leave the park area (in fact, he had to ask permission even to go to the bathroom); he remained in prison garb; and he was informed that leaving the area would constitute an escape. Based on these undisputed facts, a rational trier of fact could have found, beyond a reasonable doubt, that petitioner escaped from a "correctional facility."
 
 
 4
 Amsden argues that State of Oregon v. Galligan, 816 P.2d 601, 604-05 (Or.1991), mandates an opposite conclusion. Galligan held, however, that a defendant who fails to return to a correctional facility from a temporary work-release program violates the unauthorized departure statute. Id. Amsden was part of a supervised release program, not on unsupervised work-release as in Galligan.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3