Argued and submitted September 30, conviction of second-degree assault reversed and remanded for entry of judgment of conviction of the lesser-included offense of third-degree assault, ORS 163.165(1)(h); remanded for resentencing; otherwise affirmed December 21, 2011, appellant's petition for reconsideration filed January 25, and respondent's response to petition for reconsideration filed February 15 allowed by opinion May 16, 2012

See 250 Or App 25, 279 P3d 824 (2012)

## STATE OF OREGON,
### *Plaintiff-Respondent,*

*v.*

## JOSE ANGEL DELAPORTILLA,
### *Defendant-Appellant.*

### Washington County Circuit Court
### C090319CR; A143799

269 P3d 94

Jedediah Peterson, Deputy Public Defender, argued the cause for appellant. With her on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Jamie Contreras, Assistant Attorney General, argued the cause for respondent. With her on the brief were John R. Kroger, Attorney General, and Mary H. Williams, Solicitor General.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Nakamoto, Judge.

SCHUMAN, P. J.

## SCHUMAN, P. J.

Defendant appeals his convictions for one count each of assault in the first degree, ORS 163.185, and assault in the second degree, ORS 163.175, two counts of assault in the third degree, ORS 163.165, and one count of strangulation, ORS 163.187, contending that the trial court erred in denying his motions for judgment of acquittal on the assault counts. We reject without discussion defendant's contention with respect to the first- and third-degree assault convictions that the evidence was insufficient to create a jury question as to whether he was the person who assaulted the child victim. However, we conclude, with respect to the second-degree assault conviction, that defendant is correct that the evidence was insufficient to establish the use of a dangerous weapon. Accordingly, we reverse the conviction for assault in the second degree and remand for entry of a conviction of assault in the third degree and for resentencing.

In reviewing the denial of a motion for judgment of acquittal, we review the evidence in the light most favorable to the state to determine whether a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *State v. Cunningham*, 320 Or 47, 63, 880 P2d 431 (1994).

Defendant moved into an apartment with Bagnera and her two children, S and A, ages eight and two. We spare the reader the details of what transpired over the next several weeks. It suffices to say that, shortly after defendant moved in, Bagnera began to notice bruising on A, that A was fearful of defendant, and that A generally was not acting well. Approximately a month later, A awoke and was unable to stand, sit, or talk. Bagnera took him to the hospital. Among other injuries, doctors diagnosed a skull fracture.

Defendant was charged with the above described offenses, including second-degree assault under ORS 163.175(1)(b). A person commits second-degree assault when the person "intentionally or knowingly causes physical injury to another by means of a deadly or dangerous weapon." ORS 163.175(1)(b). A "dangerous weapon" is "any weapon, device, instrument, material or substance which under the circumstances in which it is used * * * is readily capable of causing death or serious physical injury." ORS 161.015(1).

The charge of second-degree assault was based on the skull fracture. The indictment alleged that defendant caused injury to A "by means of a dangerous weapon, to-wit: an unknown object." The evidence at trial was that the skull fracture had been caused by a "significant amount of force," consistent with intentionally inflicted trauma. The location of the fracture suggested that it was not accidental. A nurse practitioner testified that the amount of force that was necessary to cause a fracture in that particular location of the head was the equivalent of a fall from a four-foot slide. There was no evidence, however, that an object had been used to fracture A's skull, or how it might have been used, and defendant moved for a judgment of acquittal on that ground. The trial court denied the motion, explaining that, under the totality of the circumstances, the evidence was sufficient to allow a trier of fact to find the elements of the offense beyond a reasonable doubt.

On appeal, defendant contends that the trial court should have granted his motion for judgment of acquittal on the second-degree assault charge, because the state failed to prove that he had assaulted A with a dangerous weapon. The state contends that, although there is no evidence of the object that was used to inflict the injury, the very nature of the injury and the force required to inflict it, along with "common sense and experience," provide sufficient circumstantial evidence to support a reasonable inference that defendant used a dangerous weapon. The state notes that the definition of "dangerous weapon" is "any weapon, device, instrument, material or substance which under the circumstances in which it is used * * * is readily capable of causing death or serious physical injury." The state contends that it is not necessary to establish what particular "weapon, device, instrument, material, or substance" caused the injury. The state's logic is that, there was serious injury, *ergo*, whatever weapon, device, instrument, material or substance caused it was a dangerous weapon.

We reject the state's logic. To survive a motion for judgment of acquittal on a charge of second-degree assault under ORS 163.175(1)(b), there must be evidence that what caused the injury was a dangerous weapon. Necessarily, there must be evidence of a dangerous weapon. Here, there

was none. Accordingly, we conclude that the trial court erred in denying defendant's motion for judgment of acquittal. The charging instrument and defendant's convictions include assault in the third degree for injury to the rib of the same victim, "a child 10 years of age or younger, the said defendant being at least 18 years of age." The jury thus having found the element of assault in the third degree under ORS 163.165(1)(h), we conclude that it is appropriate to remand for entry of a conviction of third-degree assault."

Conviction of second-degree assault reversed and remanded for entry of judgment of conviction of the lesser-included offense of third-degree assault, ORS 163.165(1)(h); remanded for resentencing; otherwise affirmed.