STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JOSE ANGEL DELAPORTILLA,
*Defendant-Appellant.*

Washington County Circuit Court
C090319CR; A143799

279 P3d 824

Peter Gartlan, Chief Defender, and Jedediah Peterson, Deputy Public Defender, Office of Public Defense Services, for petition.

John R. Kroger, Attorney General, Anna M. Joyce, Solicitor General, and Jamie K. Contreras Assistant Attorney General, for response.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Nakamoto, Judge.

SCHUMAN, P. J.

## SCHUMAN, P. J.

Defendant was convicted of one count of first-degree assault, ORS 163.185 (Count 1), one count of second-degree assault, ORS 163.175 (Count 2), two counts of third-degree assault, ORS 163.165 (Counts 3 and 5), and one count of strangulation, ORS 163.187 (Count 11). On appeal, defendant argued that the trial court erred in denying his motions for judgment of acquittal on Counts 1, 2, 3, and 5. This court concluded that the trial court erred in denying defendant's motion for judgment of acquittal with respect to Count 2, which alleged the crime of second-degree assault. Specifically, we reversed defendant's conviction for assault in the second degree because the state failed to establish that defendant had used a dangerous weapon to fracture the two-year-old victim's skull. *State v. Delaportilla*, 247 Or App 316, 269 P3d 94 (2011). We then remanded for entry of a conviction for assault in the third degree, explaining:

> "The charging instrument and defendant's convictions include assault in the third degree for injury to the rib of the same victim, 'a child 10 years of age or younger, the said defendant being at least 18 years of age.' The jury thus having found the element of assault in the third degree under ORS 163.165(1)(h), we conclude that it is appropriate to remand for entry of a conviction of third-degree assault."

*Id.* at 320.

Defendant has filed a petition for reconsideration, challenging our remand for entry of a conviction for assault in the third degree. Defendant does not dispute that the indictment alleged and that the state proved that the victim was younger than 10 years of age and that defendant was at least 18 years of age. However, defendant contends that, because those facts were alleged only in Counts 3 and 5 and not in Count 2, assault in the third degree based on the victim's and offender's ages is not a lesser-included offense of assault in the second degree as alleged in Count 2, and the proper remedy is to remand to the trial court for entry of a conviction for the lesser-included offense of fourth-degree assault.

Defendant contends, in essence, that the remand must be for a lesser-included offense whose elements were

alleged in the conviction that we reversed and that it is not enough that the facts of assault in the third degree are recited in the indictment allegations relating to a different count for which defendant was convicted; rather, in defendant's view, assault in the third degree must have been a lesser-included offense of the offense charged in Count 2. In support, defendant cites *State v. Drake*, 113 Or App 16, 832 P2d 44 (1992), a sentencing case in which we held that, although the sentencing subcategory factors relating to the necessary injury component might have been gleaned from other counts, each count had to be sentenced as a separate offense; subcategory circumstances from one offense cannot be borrowed to enhance sentencing for a different offense. Defendant also cites *State v. Johnson*, 80 Or App 350, 722 P2d 1266 (1986), *overruled in part on other grounds by State v. Caldwell*, 187 Or App 720, 69 P3d 830 (2003), a case involving the sufficiency of the indictment in which we held that allegations from one count could not be used to form the proper specificity of allegations in a different count. Defendant asserts that the reasoning of both of those cases requires the conclusion that counts must be treated separately and that we may look only to the allegations of Count 2 to determine what lesser offense is supported by the record.

The state counters that the court has authority under the Oregon Constitution to direct reformation of the conviction to a lesser offense and entry of the conviction that the court determines should have been entered below, and that the record in this case clearly shows that the appropriate conviction is assault in the third degree, a lesser offense that was alleged in the indictment and of which defendant was convicted. Article VII (Amended), section 3, of the Oregon Constitution provides, in part:

> "If the supreme court shall be of the opinion, after consideration of all the matters thus submitted, that the judgment of the court was such as should have been rendered in the case, such judgment shall be affirmed, notwithstanding any error committed during the trial; or if, in any respect, the judgment appealed from should be changed, and the supreme court shall be of opinion that it can determine what judgment should have been entered in the court below, it shall direct such judgment to be entered in the

same manner and with like effect as decrees are now entered in equity cases on appeal to the supreme court."

The state also points out that lesser-included offenses need not have been alleged in the indictment in order to be entered on remand. *See, e.g., State v. Woodson,* 315 Or 314, 845 P2d 203 (1993). The state further cites *State v. Hale,* 335 Or 612, 619-21, 75 P3d 448 (2003), *cert den,* 541 US 942 (2004), in which the Supreme Court upheld a defendant's aggravated murder conviction with third-degree sexual abuse as an aggravating factor, even though the defendant had not been charged with committing third-degree sexual abuse. The court stated that the evidence at trial was sufficient to support multiple theories of responsibility for third-degree sexual abuse. Here, the state contends, not only does the record support a third-degree assault conviction, but defendant was actually charged with and convicted of assault in the third degree based on the same age-based factual predicate of ORS 163.165(1)(h) that provides the source for entry of a third-degree assault conviction on remand. In the state's view, as long as the indictment alleges the necessary facts—even in a different count—and especially when, as here, the defendant has been convicted of that offense including those facts, we may remand for entry of conviction of that lesser offense.

We agree with defendant. A court cannot convict on a charge for which the defendant was not indicted unless the conviction is for an offense that is a lesser-included offense "within the offense charged in the indictment." *State v. Cook,* 163 Or App 578, 581, 989 P2d 474 (1999). One offense is a lesser-included offense of another only when the elements of the former are subsumed in the latter or the facts alleged in the charging instrument expressly include conduct that describes the elements of the lesser-included offense, *id.,* as happens, for example, when the offense of conviction is an attempt to commit the crime charged. None of the cases cited by the state stands for the proposition, or implies, that an element charged and proved with respect to one count in an indictment can be imported into another count. Such a proposition would be irreconcilable with the clear import of *Drake,* 113 Or App at 19. If each count in an indictment states a separate offense whose elements cannot be shifted or

transferred to other counts for purposes of sentencing, we fail to see why the rule should be different for purposes of conviction. And to hold that such shifting is authorized by Article VII (Amended), section 3, proves too much; if an appellate court has the authority under that section to enter a judgment "in the court below" based on any combination of facts that are alleged and proved in any of the counts of a multi-count indictment, a defendant could potentially be convicted of a number and variety of uncharged crimes.

Reconsideration allowed; former disposition withdrawn; conviction for second-degree assault reversed and remanded for entry of judgment of conviction for fourth-degree assault, ORS 163.160; remanded for resentencing; otherwise affirmed.