Argued and submitted March 22, reversed October 16, 2013

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## AARON FRANK CADGER,
*Defendant-Appellant.*

Douglas County Circuit Court
10CR1731FE; A147651

312 P3d 559

David Sherbo-Huggins, Deputy Public Defender, argued the cause for appellant. With him on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Jeff J. Payne, Assistant Attorney General, argued the cause for respondent. With him on the brief were Ellen F. Rosenblum, Attorney General, and Anna M. Joyce, Solicitor General.

Before Armstrong, Presiding Judge, and Nakamoto, Judge, and Egan, Judge.*

* Egan, J., *vice* Wollheim, J.

NAKAMOTO, J.

## NAKAMOTO, J.

Defendant appeals a judgment of conviction for escape in the second degree from a "correctional facility," ORS 162.155(1)(c). He assigns error to (1) the trial court's denial of his motion for judgment of acquittal and (2) the trial court's jury instructions. We hold, in light of our recent decision in *State v. Gruver*, 258 Or App 549, 310 P3d 728 (2013), that the court erroneously denied his motion, and, accordingly, we reverse.

The following facts are undisputed. Defendant was serving a 60-day sentence at the Douglas County Jail for a probation violation. While in jail, defendant participated in an "outside inmate worker program." One day, as part of that program, a civilian supervisor arrived at the county jail to retrieve defendant and several other inmate workers and drove them to the Douglas County Fairgrounds. Defendant and the other inmates were immediately taken to the fairgrounds break area, where they had coffee while the supervisor informed them of the various restrictions accompanying their work that day: they were not allowed to smoke, drink, use the telephone, or leave the break area except to use the restroom or when sent to their assigned work spaces. After that discussion, defendant was instructed to shovel manure in the south parking lot, an area that is outside the fencing surrounding the fairgrounds. Although the supervisor could see defendant from several vantage points around the fairgrounds, defendant primarily worked alone and unsupervised. Later that day, defendant's girlfriend arrived at the fairgrounds and they began interacting. Eventually, defendant entered his girlfriend's car, and they left together. His absence went undetected until he failed to return from a purported restroom break during the lunch hour. After being apprehended in California, defendant was transferred back to Douglas County, where he was charged with escape in the second degree, a felony. ORS 162.155.

Under ORS 162.155(1), "[a] person commits the crime of escape in the second degree if: *** (c) [t]he person escapes from a correctional facility[.]" A "correctional facility" is defined, in part, as "any place used for the confinement

of persons charged with or convicted of a crime or otherwise confined under a court order[.]" ORS 162.135(2).

After the state rested its case at trial, defendant moved for a judgment of acquittal on the ground that the state had failed to prove that defendant escaped from a "correctional facility" as required for escape in the second degree. The state responded that, at the time of defendant's departure, he was "constructively confined" in the Douglas County Jail. *See State v. Lane,* 341 Or 433, 439, 144 P3d 927 (2006) (holding that a person may be "constructively within a 'correctional facility' even when he is not within the walls of the prison"). The trial court denied defendant's motion, and the jury returned a guilty verdict.

On appeal, defendant first assigns error to the trial court's denial of his motion for judgment of acquittal. Defendant contends that he was not "constructively confined" within the Douglas County Jail, but instead was on a "form of temporary release" and, therefore, should have been charged with "unauthorized departure," ORS 162.175, a misdemeanor. As relevant to this case, ORS 162.135(8) defines "unauthorized departure" as "the failure to return to custody after any form of temporary release or transitional leave from a correctional facility."

We agree with defendant and resolve this case in conformance with *Gruver.* In that case, we held that the defendant—a county jail inmate who was transported and left to work at the local animal shelter under the supervision of a civilian manager—could not be convicted of escape because he was not "under the direct supervision of a law enforcement official" when he absconded from his work site. *Gruver,* 258 Or App at 555. *Gruver* was based on facts substantially similar to those in the present case, but we write here to distinguish two cases cited by the state in which defendants who were *unsupervised* by law enforcement officials were still deemed constructively confined in a correctional facility.

The state relies, in part, on *State v. Esmond,* 125 Or App 613, 866 P2d 494 (1994), in which we concluded that the defendant was in the constructive custody of the local

correctional facility because he was ordered to serve a 90-day home detention sentence. Even though the defendant was not under the supervision of a law enforcement official at the time of his departure, we concluded that he was nonetheless constructively confined because he had been booked into the county correctional facility, given an alternate cell assignment, namely, his home, and informed that his unlawful departure would constitute escape. *Id.* at 616.

The state also cites to *State v. Schaffer*, 124 Or App 271, 862 P2d 107 (1993), *rev den*, 318 Or 479 (1994), in which we held that the defendant's absence from his "courtroom confinement" justified a conviction for escape. Similar to the *Esmond* "home detention scenario," in *Schaffer*, a trial court declared the courtroom to be a "correctional facility" for purposes of the defendant's sentence. The court did not order the defendant to be directly supervised by a law enforcement official; rather, the court ordered the defendant to stay in the courtroom between 8:00 a.m. and 5:00 p.m. during the week and to remain on house arrest at all other times. When the defendant failed to report to the courtroom one day, he was arrested and convicted of escape in the second degree. At trial on the escape charge, the defendant unsuccessfully argued that the courtroom was not a "correctional facility." On appeal, we concluded that the restrictions imposed by the first trial court "ensured that [he] was at all times either in custody or confined to a correctional facility." *Id.* at 274 (footnote omitted).

In *Gruver*, the crucial factors weighing against a conclusion that the defendant was in a "constructive correctional facility" were his authorization to leave the jail, 258 Or App at 554, and the lack of any "direct supervision of a law enforcement official," *id.* at 555. We distinguished the defendant's situation from those in other cases, namely *Lane* and *State v. Croghan*, 162 Or App 251, 986 P2d 579, *rev den*, 329 Or 553 (1999), in which the presence of law enforcement officials helped to establish the defendants' constructive confinement in, respectively, a courtroom and a county law library.

Like the defendant in *Gruver*, defendant in the present case was authorized to leave the jail, for work at the

fairgrounds, and he did not "abscond while under the direct supervision of a law enforcement official." The confluence of those two factors distinguishes this case from *Esmond* and *Schaffer*. Thus, as in *Gruver*, defendant was not constructively confined in the county jail, but was instead on a "form of temporary release" at the time of his departure.[1] Accordingly, the trial court erred when it denied defendant's motion for judgment of acquittal, and, in light of that conclusion, we need not consider defendant's other assignment of error.

Reversed.

---

[1] We also note that, even though defendant was required to abide by some work restrictions at the fairgrounds—such as no smoking, drinking, or telephone use—those requirements were not as rigorous and comprehensive as those imposed by the *Schaffer* trial court.