On appellant's amended petition for reconsideration filed October 16, 2013, reconsideration allowed; former disposition (258 Or App 549, 310 P3d 728 (2013)) withdrawn; convictions for second- and third-degree escape reversed February 12, 2014

**STATE OF OREGON,**
*Plaintiff-Respondent,*

*v.*

**JEREMY DEAN GRUVER,**
*Defendant-Appellant.*

Lincoln County Circuit Court
100255; A146586

327 P3d 547

Peter Gartlan, Chief Defender, and Kristin A. Carveth, Deputy Public Defender, Office of Public Defense Services, for petition.

Before Duncan, Presiding Judge, and Wollheim, Judge, and Schuman, Senior Judge.

SCHUMAN, S. J.

## SCHUMAN, S. J.

Defendant, who was serving a sentence in the Lincoln County Jail, was assigned to work at the local animal shelter cleaning kennels and feeding animals. After he walked away from the shelter, he was charged with and convicted of escape in the second degree under ORS 162.155(1)(c) (escape from a "correctional facility") and escape in the third degree under ORS 162.145(1) (escape from "custody"). On appeal, defendant argued that leaving the shelter was neither of those crimes but was instead a violation of a different statute, ORS 162.175, which criminalizes "unauthorized departure." We agreed with defendant, reversed his convictions on the escape charges, and remanded for entry of a judgment of conviction for unauthorized departure under ORS 162.175. *State v. Gruver*, 258 Or App 549, 310 P3d 728 (2013).

In a petition for reconsideration, defendant now argues that our disposition was wrong. He contends that, notwithstanding his concession that his conduct constituted unauthorized departure under ORS 162.175, he was not actually charged with that crime. Hence, he argues, we erred in remanding for entry of a judgment of conviction for that uncharged offense. *See State v. Delaportilla*, 250 Or App 25, 29, 279 P3d 824, *rev den*, 352 Or 666 (state's petition), *and rev den*, 353 Or 127 (defendant's petition) (2012) ("A court cannot convict on a charge for which the defendant was not indicted unless the conviction is for an offense that is a lesser-included offense 'within the offense charged in the indictment.'" (quoting *State v. Cook*, 163 Or App 578, 581, 989 P2d 474 (1999))); *State v. Barrie*, 227 Or App 378, 381, 206 P3d 256 (2009) ("It is a basic component of a defendant's fundamental right to due process that a court may not find him guilty of a crime for which he has not received notice or an opportunity to prepare a defense.").

We agree with defendant that the crime of unauthorized departure is not a lesser-included offense in this case. *See Delaportilla*, 250 Or App at 29 ("One offense is a lesser-included offense of another only when the elements of the former are subsumed in the latter or the facts alleged in the charging instrument expressly include conduct that

describes the elements of the lesser-included offense[.]"). The indictment does not allege facts that expressly satisfy the elements of unauthorized departure.[1] Nor are the elements of unauthorized departure necessarily subsumed in second- or third-degree escape. That is, a person can commit second- or third-degree escape (unlawful departure of a person from a correctional facility or custody) without also committing unauthorized departure (defined under ORS 162.135(8) as failing to return "after any form of temporary release or transitional leave from a correctional facility"). Thus, we grant defendant's petition for reconsideration and modify our disposition accordingly. *See State v. Cadger*, 259 Or App 30, 312 P3d 559 (2013) (reversing, without remanding for entry of a lesser-included offense, where the defendant successfully argued that he was on a "form of temporary release" and should have been charged with unauthorized departure rather than second-degree escape).[2]

Reconsideration allowed; former disposition withdrawn; convictions for second- and third-degree escape reversed.

---

[1] The charging instrument in this case provided as follows:

"**COUNT 1: ESCAPE IN THE SECOND DEGREE (ORS 162.155 F/C)** The defendant, on or about January 10, 2010, in Lincoln County, Oregon, did unlawfully and knowingly escape from a correctional facility.

"**COUNT 2: ESCAPE IN THE THIRD DEGREE (ORS 162.145 M/A)** The defendant, on or about January 10, 2010, in Lincoln County, Oregon, did unlawfully and knowingly escape from custody."

[2] Defendant concedes that our original disposition tracked the Supreme Court's disposition in *State v. Manley*, 326 Or 204, 951 P2d 686 (1997), in which the defendant argued that he was erroneously convicted of second-degree escape rather than unauthorized departure. Defendant argues that *Manley* is not controlling here because the question whether unauthorized departure is a lesser-included offense of the crime of escape was not litigated in *Manley*. Defendant is correct. In *Manley*, the defendant "argued from the beginning of th[e] case, both to the trial court and to the Court of Appeals, that *he should be convicted* only of that less serious offense [of unauthorized departure]." 326 Or at 212 (emphasis added). Defendant, by contrast, has never argued that he should be *convicted* of unauthorized departure, but only that he should have been *charged* with that crime.